UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD LEE MINCH, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:09-cr-00051<br><br>Honorable Janet T. Neff |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on July 17, 2009, after receiving the written consent of defendant and all counsel. At the hearing, defendant Richard Lee Minch entered a plea of guilty to Counts 1 and 15 of the Superseding Indictment in exchange for the undertakings made by the government in the written plea agreement. In Count 1 of the Superseding Indictment, defendant is charged with interference with commerce by extortion, in violation of 18 U.S.C. § 1951. In Count 15 of the Superseding Indictment, defendant is charged with sexually exploiting a minor, in violation of 18 U.S.C. § 2251(a). On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; and that the defendant understands the nature of the charge and penalties provided by law.

I also find that the plea has a sufficient basis in fact. One might question whether the photographs that are the subject of Count 15, charging sexual exploitation of a child, constitute a lascivious exhibition of the genital or pubic area of any person within the meaning of 18 U.S.C. § 2255(2). This is one of the statutory definitions for sexually explicit conduct as defined in 18 U.S.C. § 2255. The court in *United States v. Dost*, 636 F.Supp. 828 (S.D. Cal. 1986) set out the following factors to determine whether the depiction of the minor constitutes a lascivious exhibition of the genitals or pubic area of the person. These factors are:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4) whether the child is fully or partially clothed, or nude;
>
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986). These factors have been generally adopted by circuits considering this issue, and the Sixth Circuit Court of Appeals has approved the *Dost* factors in an unpublished opinion. *United States v. Campbell*, 81 Fed. Appx. 532, 536 (6th Cir.

2003). The *Dost* court also emphasized that a visual depiction need not involve all of the factors to be a lascivious exhibition of the genitals or pubic area, and that the determination must be based on the overall content of the visual depiction, taking into account the age of the minor. *Id.* at 832.

Regarding the first factor, although the nude pictures of the 13-year-old minor don't necessarily focus on the child's genital or pubic area, such is visible. The setting of the visual depiction is a bedroom, a place generally associated with sexual activity. Third, considering that the minor depicted is a 13-year-old girl, the undersigned finds posing in the nude to be "inappropriate attire, considering the age of the child." Regarding the fourth factor, the child is nude. Fifth, the undersigned does not find that the sexual depiction suggests sexual coyness or willingness to engage in sexual activity. Finally, based on the testimony of the defendant during the plea colloquy, it is clear that the picture was intended to elicit a sexual response in the defendant, who was the intended "viewer." On balance, the undersigned finds that the *Dost* factors weigh in favor of finding that the nude photographs taken constitute a lascivious exhibition of the genitals.

The factual basis for defendant's plea was also somewhat unusual in the undersigned's experience because there was no evidence that defendant actually took the pictures. Indeed, there was no evidence that he was ever in the victim's presence. However, under the authority of *United States v. Starr*, the undersigned finds it sufficient that the defendant induced the 13-year-old minor to pose and take nude photographs of herself, albeit under a ruse that he was doing recruitment for the CIA. *See, United States v. Starr*, 533 F.3d 985 (8th Cir. 2008). I find that the circumstances in their totality admitted to be the defendant on the record constitute a sufficient

factual basis to support a guilty plea to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a).

I therefore recommend that defendant's plea of guilty to Counts 1 and 15 of the Superseding Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.


Date: July 24, 2009                            /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge


## NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).